## J. H. Hanna, Administrator, v. The Iowa Central Railway Company.

### Gen. No. 4,632.

1. ATTRACTIVE NUISANCE—*what not, so as to confer cause of action in favor of a child.* A pond remote from any street or highway upon which a minor had a right to be or travel upon, is not an attractive nuisance within the doctrine of allurement.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Warren county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

SAFFORD & GRAHAM and HANLEY & COX, for plaintiff in error.

BROWN & SOULE, for defendant in error; JOHN I. DILLE, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant brought this suit as administrator of the estate of Carl Burch, deceased, who was drowned in a pond on the premises of appellee, to recover dam-

ages from appellee for his death. The declaration alleged that the defendant owned, used or controlled, a certain tract of land adjacent to and immediately west of the city of Monmouth, on which land was located a turn-table, a pumping station, and a deep and dangerous pond of water with floating timbers in it; that said premises were open, unguarded and easy of access, being situated near a residence portion of the city, and were the play-ground of many children of tender years residing in the vicinity who were enticed and attracted thereto by the turn-table, the pumping station and the pond with its floating timbers; that it was the duty of the defendant to so carefully and securely guard said premises as not to unnecessarily expose such children to danger or liability of accident; that defendant neglected to perform its duty in that regard, and that because of such neglect Carl Burch, a child of tender years, was attracted to and enticed upon said premises, and to and upon one of the floating timbers in the pond, and while exercising such care for his own safety as a child of his age and experience was capable of exercising, he unavoidably fell from the floating timber into the pond, and was drowned. The defendant entered a plea of not guilty. A jury trial was had, and at the close of the plaintiff's evidence the defendant entered a motion for a peremptory instruction to the jury to find the defendant not guilty. The motion was denied. The defendant presented no evidence, rested, and again entered a motion for a peremptory instruction to find the defendant not guilty. The court allowed the motion, and a verdict of not guilty was returned by the jury. A motion for a new trial was denied, a judgment was entered on the verdict, and the plaintiff has sued out a writ of error to reverse the judgment.

At the time of the accident, Carl Burch, the decedent, was twelve years and seventeen days old. The premises in question are located outside the limits of

the city of Monmouth, the most easterly point of the pond being about one-eighth of a mile west of Sunny Lane, which forms the western boundary of the city, and the point where the accident happened is 1,400 feet still further distant. The pond had been made by widening and damming a slough or creek by the railway company. It was reasonably protected from intrusion by fences and by a high embankment on the side next to the railroad track. Although provided with a heavy gate, it seems from the evidence that the gate was not kept closed, except when cattle were in the enclosure. But it also appears from the evidence that neither fences nor gate were proof against the boys of Monmouth, large numbers of whom were in the habit of visiting the premises during the summer season, and using the pond as a swimming hole.

On Sunday, July 2, 1905, Carl Burch and other boys went to the pond, but the evidence does not disclose the point from which Carl started. He received permission from his mother between 11 and 12 o'clock to visit a boy friend, and the accident occurred about 1:30. The distance from his home to the property of the railroad company was twenty-two blocks; after traversing that distance, he would pass upon the property of the railroad company, and would still have 687 feet to go to reach the pond at its nearest point, and an additional 1,400 feet to reach the swimming hole. It is in evidence that Carl had visited the pond for the purpose of going in the water on several previous occasions. It may, therefore, be reasonably inferred that he was fairly familiar with the surroundings, the depth of the water, etc. On the day of the accident he got upon one of the floating logs upon which were three other boys. While the four boys on the log were paddling about the pond, the log rolled and the boys were thrown into the water. All swam ashore except Carl Burch, who was drowned.

The claim for damages is based upon a doctrine which is broadly stated by counsel for appellant in

their brief as follows: ''As a rule, a trespasser can-not recover damages for an injury suffered while wrongfully on the premises of another; but while this is the general rule, there is also a well-recognized ex-ception to it, which permits a child of tender years, when attracted upon the premises of another and there injured, to recover damages.'' And it is argued by counsel that in this case the pond where the accident happened ''was so constructed with reference to its depth, location and attractive character as to impose upon defendant in error the duty of so guarding the pond that children of tender years might not be at-tracted and allured to the pond, and there come in con-tact with the danger or meet the accident which befell plaintiff in error's intestate.'' This pond did not ob-trude itself upon Carl Burch as an attraction and an allurement. It was remote from any street or high-way on which he had a right to be or travel; and its allurements and attractions, whatever they may have been, were only presented to those who deliberately and designedly sought them out. Carl Burch could not have come in contact with them except by going nearly or quite a mile and a half from his home. If he took the route that seems generally to have been taken by the boys who went to the pond, he would only reach the swimming hole where the accident occurred by walking more than a third of a mile along and over a network of railway tracks which should have operated as a warning at every step. A boy who would deliber-ately brave such dangers for the sake of a swim would hardly be deterred from that pleasure by any ordinary fence or gate.

It is contended that Carl Burch was a child of such tender years that the attraction and allurement of the pond, remote though it was in point of distance, were irresistible to him on account of his lack of experience and immaturity of mind and judgment. As already stated, he was twelve years and seventeen days old at the time of the accident. Some testimony was intro-

duced showing that his parentage was humble, that he
was reared in a home possessing few books and little
culture, and that he was behind the average child of
his age in his studies. It does not seem to us that this
testimony showed, or even tended to show, want of
native intelligence. It is a matter of common knowl-
edge that the bookish or scholarly boy is not always
the most intelligent, especially in regard to the phe-
nomena and aspects presented by nature.

In the case of Heimann v. Kinnare, 190 Ill. 156, the
court said: "In American and English Encyclopedia
of Law (vol. 7, 2 ed., p. 409) it is said there can be no
recovery if the injury came from a danger fully appre-
hended by the infant, and of which he had assumed
the risks, having the capacity to comprehend and
avoid danger; and if a minor had reached years of dis-
cretion, and is fully capable of comprehending danger
and using sufficient care to avoid it, he may be guilty
of contributory negligence, as a matter of law."

Without referring to the numerous Illinois cases
cited by our Supreme Court in support of this doc-
trine, it will be sufficient to say here that the principle
thus laid down seems to us sound and wholesome.
There is nothing in this record contravening the legal
presumption that Carl Burch, a boy more than twelve
years old, had "the capacity to comprehend and
avoid" the danger he incurred in going upon a float-
ing log in water where he had been several times be-
fore. Fully comprehending the danger, and not using
sufficient care and self-restraint to avoid it, he was
"guilty of contributory negligence, as a matter of
law."

Appellant complains of some rulings in the court be-
low as to the admission of testimony. These rulings
might have been erroneous, had it been the duty of ap-
pellee to take measures to prevent the boys of Mon-
mouth from going to the pond to swim; but in the ab-
sence of any duty to take such measures, the errors,
if any there were, worked no harm to appellant

We are of opinion that for the two reasons above stated the peremptory instruction of the court below directing the jury to find the defendant not guilty, was properly given.

The judgment of the lower court is, therefore, affirmed.

*Affirmed.*