PTAK, Respondent, vs. KUETEMEYER, Appellant.

*April 14—May 9, 1922.*

*Municipal corporations: Contractor excavating in street: Duty to guard work: Children playing or being in street.*

1. A complaint which alleges that defendant excavated a ditch in a street which he merely guarded by planks laid from piles of earth to upright sewer pipes, though he knew that children were playing around the excavation, and that he failed to shore up the sides of the excavation, which gave way when plaintiff's son was playing near the edge and caused his death, sufficiently presents a jury question as to whether the barriers were reasonably efficient and whether the defendant should have shored up the excavation.

2. Though one who makes such an excavation in the street need not make it impossible for children to reach the ditch or make it absolutely safe, it is his duty to make the place reasonably safe for children at play about it, since the rule applying to work on private property does not apply to a public street where children are accustomed to play and have a right to be.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover damages sustained by the death of plaintiff's son, alleged to have been caused by the negligence of

the defendant, a plumbing and excavating contractor in the city of Milwaukee. Omitting formal parts the complaint alleged in substance:

"That on the 11th day of April, 1919, the defendant was engaged in the work of digging and excavating a ditch in that public highway in the city of Milwaukee known as Concordia avenue. That defendant had been engaged in the digging of said ditch for several days prior to the accident hereinafter mentioned and that the said ditch had been dug to its full depth at the time of the accident hereinafter described; the said ditch was nine or ten feet deep on one end and had been filled in, so that the ground sloped from this depth to a point on the other end of the ditch about two feet below the street level. That the said ditch was about twenty feet long, extending from the center of the street and the lot line and was about two feet wide. That during the work of digging said ditch and during the time when said ditch was being partly filled in, children from the surrounding neighborhood played in and about the said ditch and that the defendant and his workmen had knowledge that children were so playing in and about said ditch. That on the 11th day of April, 1919, at about the hour of 6:30 o'clock in the afternoon, plaintiff's son, six years old, Jerome Ptak, playing with and in company with several of his companions, and standing near the opening of said ditch and near the edge thereof, and being attracted thereby and allured thereto, without any fault on his part fell into said ditch by the edges thereof giving way, causing him to be completely covered with the surrounding earth or ground, resulting in his suffocation and his immediate death, causing plaintiff to incur large expenses for the funeral and depriving him of the earnings of said child, and otherwise greatly damaging plaintiff, all to his damage in the sum of five thousand dollars ($5,000). That at the time there was in force in the city of Milwaukee an ordinance entitled 'Barriers and Lights on Streets, etc.,' and known as section 28, chapter 25, of the General Ordinances of the city of Milwaukee, and reading as follows: 'Section 28. It shall be the duty of every person who may receive a contract for the grading or any other repairing or improving any street in any ward of the city of Milwaukee, and of every person

who shall be engaged in any above named work, to see that such street, during the progress of such grading, filling, or other improvements shall be passable and not otherwise made dangerous; to see that the same from sundown to sunrise on the next morning, during each and every day on which such work shall be in progress, and on which such street shall be impassable or dangerous for passers-by, that good and efficient barriers and lights are erected and kept to caution the public and travelers that said street is impassable or dangerous. Each person who has such a contract or who is employed as aforesaid, and who shall neglect to comply with the requirements as aforesaid, shall pay a penalty of not less than ten dollars nor more than one hundred dollars for each single offense;' and that in pretended compliance. with said ordinance defendant had placed timbers along the long sides of said ditch, one end of which timbers rested on piles of earth which had been thrown out of said ditch and the other end on the sewer pipe, and that on the south end of said ditch, that is, on the narrow side thereof, a mound of dirt had been thrown on the street close to the ditch, and that at night the defendant maintained lanterns around said ditch. That the defendant negligently and carelessly failed to guard and protect said ditch in such a way that it would be impossible for children to get to and into said ditch in their usual practice of playing and running around said ditch. That the defendant negligently and carelessly failed to shore up and protect the walls of said ditch so as to make the same safe and to prevent the said walls from caving and so to make the same safe for children who might be playing in and about the said ditch. That the defendant wholly failed and neglected to provide any protection or safeguards of any kind for children and infants known to be using said ditch and playing in and about the same, except as hereinbefore stated. That the negligence of the defendant as aforesaid was the sole and proximate cause of the death of the said Jerome Ptak. That the said ditch and excavation made in the public highway as aforesaid by the defendant was attractive to children and was known by the defendant to be likely to attract and allure children to play in and around the same."

From an order overruling a general demurrer to the complaint the defendant appealed.

The cause was submitted for the appellant on the brief of *Robert R. Freeman* of Milwaukee, and for the respondent on that of *Ray J. Cannon* of Milwaukee.

VINJE, C. J.   Under the allegations of the complaint we think it is a jury question whether the barriers therein described, assuming the proofs will sustain the allegations, are reasonably efficient and safe in view of the fact that defendant knew that children were in the habit of playing around the ditch; and also whether it was not the duty of the defendant to so shore up the ditch at night that it would be reasonably safe for children playing around it.   The duty of the defendant was not to make it impossible for children to reach the ditch, or make it absolutely safe, but to make the place reasonably safe for children at play about it.   The place in question being a public street where children are accustomed to play and have a right to be, the case does not fall under the rule of *Zartner v. George,* 156 Wis. 131, 145 N. W. 971, or *Emond v. Kimberly-Clark Co.* 159 Wis. 83, 149 N. W. 760, where the *locus in quo* was on private property, but under the rule of *Secard v. Rhinelander L. Co.* 147 Wis. 614, 133 N. W. 45, and *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, 140 N. W. 60.   The rule as to liability is so fully discussed in the cases mentioned that we do not deem it advisable to restate it.

*By the Court.*—Order affirmed.