FIEL, Respondent, vs. CITY OF RACINE, Appellant.

*November 14—December 9, 1930.*

*Cornelius M. Colbert,* city attorney of Racine, for the appellant.

For the respondent there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt.*

Fowler, J.   While the defendant assigns as error the making of certain findings of fact by the court, its whole contention is included in the proposition that upon the undisputed facts it is entitled to dismissal of the complaint on the merits.

As the city was operating the city waterworks and the injury occurred on its land used in connection with such operation, it was acting in proprietary, as distinguished from governmental, capacity, and it is responsible to the same extent that any other property owner would be who permitted a pond of his own creation to remain on his premises under like circumstances.   The converse of this proposition is equally sound, that the city is under no greater responsibility than a private owner would be under the same circumstances.

Whether the city is responsible depends on whether the rule of the turntable cases, so called, if to be applied in any case, should be applied to cases involving ponds or bodies of water on private property.   This rule, strictly speaking,

applies only to attractive nuisances located on private property, and is based on the proposition that while children on private property are technically trespassers, as distinguished from invitees or licensees, when attracted to private property by an attractive nuisance they are exempted from operation of the rule that a property owner owes no duty to trespassers thereon except to refrain from intentionally or wilfully inflicting injury upon them, and in such case the landowner owes to children the same duty to exercise care for their safety that he owes to invitees or licensees, which is, generally speaking, to refrain from "active negligence."

This court has many times had to consider hard cases of children injured while indulging their childish proclivities in play on premises on which structures, machines, or other things were located coming under the general designation of attractive nuisances. In all but one of these cases in which liability was held to exist, the thing constituting the nuisance encroached or existed on the public street or a way used by the public, so that when the child entered upon the structure or came upon the thing constituting the attractive nuisance he was where he had a right to be. It was considered that because of this he was in the position of and entitled to the consideration required to be exercised towards an invitee or licensee. In *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219, a lumber pile encroached on the public street, and a child on the street climbed upon a part of the pile so encroaching, wandered off onto the part of the pile upon private property, and while upon such part was injured because of the instability of the pile. In *Secard v. Rhinelander L. Co.* 147 Wis. 614, 133 N. W. 45, a child was injured by falling into and while playing about a post hole in the street dug and left unguarded by the defendant. In *Ptak v. Kuetemeyer,* 177 Wis. 262, 187 N. W. 1000, a child was killed by a cave-in while playing in a ditch excavated in the street by defendant and left without shoring.

In *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, 140 N. W. 60, a child was injured while playing about an unguarded pulley by which wire was being strung in the street. In *Webster v. Corcoran Bros. Co.* 156 Wis. 576, 146 N. W. 815, a child was injured by attempting, at request of defendant's servant, to straighten out a kink in a rope attached to tackle being used in an alley to unload a wagon. Similar to these cases is that of *Meyer v. Menominee & M. L. & T. Co.* 151 Wis. 279, 138 N. W. 1008, where a child went upon a lumber pile adjacent to a much traveled private road through a lumber yard and was killed by coming in contact with a slack electric light wire strung low across the pile, the insulation on which was rotted off. Also similar is *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664, where a child was killed by falling into a hot-water pit maintained by defendant in a breakwater covered with plank maintained by defendant which was used by the public as a promenade or way from which a plank was removed and left out at the place where the child fell in. *Herrem v. Konz,* 165 Wis. 574, 162 N. W. 654, involved injury to a child from an unprotected revolving shaft in an open space under defendant's mill. In all these cases as in all cases of liability growing out of maintaining an attractive nuisance, the defendant knew children were in the habit of playing about the thing constituting the attraction.

On the other hand are the cases involving children injured by structures or other things of attractive nature located on private property holding that liability did not exist. In *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223, a child was drowned in a small pond on a city lot at a street corner which had formed by the filling of the street in grading which made an embankment across a gully that impounded surface water. The court distinguishes the case from those where the thing causing the injury was so close to the highway as to make it unsafe for users of it. The charge of

negligence laid was failure of the owner to fence or guard the excavation on his lot to safeguard those who might go on or about the impounded water. The court says:

"It surely is not the duty of an owner to guard every dangerous hole or pond or stream of water on his premises for the protection of persons going upon his land who have no right to go there."

The opinion quotes from 1 Thompson on Negligence, p. 361:

"An owner of land is under no obligation to fence an excavation on his land unless it is so near the highway as to amount to a public nuisance; and if persons or animals are killed or injured in consequence of his failing to do so, no damages can be recovered. A qualification of this rule is that when the owner of land, expressly or by implication, invites a person to come upon it, he will be liable for damages if he permit anything in the nature of a snare to exist thereon which results in injury to such person, the latter being at the time in the exercise of ordinary care. If, however, he gives a bare license or permission to cross his premises, the licensee takes the risk of accidents in using the premises in the condition in which they are."

*Emond v. Kimberly-Clark Co.* 159 Wis. 83, 149 N. W. 760, is a similar case and follows the *Klix Case.* It involved a deep pond of roily water thirty by forty feet in dimension, one end of which came close up to a road and the other extended to a dam and spillway. A four-year-old child while playing at the spillway fell into the pond and was drowned. That the pond was so located as not to endanger the safety of children on the highway was considered as distinguishing it from the cases above cited in which liability was held to exist. The court says:

"Hundreds of bodies of water both larger and smaller . . . dot the whole state, and they take their toll of human life, especially of children. . . . But it has not yet been deemed to be the duty of the owners thereof to fence or barricade them so as to exclude the public. . . . All bodies

of water deep enough to drown a child and situated within roving distance of children present a danger from which an injury to some person or death may reasonably be anticipated. But it does not follow from such fact that a duty on the part of the owner to fence or guard springs therefrom."

In *Zartner v. George,* 156 Wis. 131, 145 N. W. 971, a child was injured by walking into a mortar box filled with slacking lime which had been covered with sand and left uncovered on private premises during construction of a building thereon. In *Lewko v. Chas. A. Krause M. Co.* 179 Wis. 83, 190 N. W. 924, a child was scalded by falling into hot water in a hole on private premises into which an escape pipe from boilers in defendant's mill emptied.

This brings us squarely up to the question first stated, whether the unrestricted rule of the turntable cases is to be applied in this case. It must be conceded that this rule in fact was applied by the court in the *Herrem Case, supra,* involving the revolving shaft under a mill, although there is no discussion or even mention of the rule as such in the opinion. Discussion of the rule first appears in the *Zartner Case, supra,* involving the uncovered mortar box. The court there definitely refused to apply the rule. Mr. Justice TIMLIN, in a brief dissent, points out that the defendants were the contractors who were erecting the building, not the owner of the premises; that the rule applied to owners of premises only; and that "judicial disapproval of the turntable cases" should be reserved until a case falling under the rule should arise. In the *Lewko Case, supra,* involving the hot-water pit at a mill, the turntable rule was definitely rejected, although no mention of the rule as such is made. This case is contrary to the rule of the revolving shaft case. Mr. Justice CROWNHART filed a vigorous dissenting opinion in which he cited numerous cases and discussed the subject fully. The situation involved was one to which the turntable rule was applicable if adopted. It

would seem that the court definitely and positively rejected the rule, considering it as restricted to structures or other things located wholly on private property.

However, we are not required in this case either to approve or disapprove the rule of the turntable cases, for the reason that the rule does not apply to ponds, whether natural or artificial, in the great majority of the jurisdictions where it is applied to attractive structures or machines. "It would be extending the doctrine too far to hold that a pond of water is an attractive nuisance, and therefore comes within the doctrine of the turntable cases." *Barnhart v. C., M. & St. P. R. Co.* 89 Wash. 304, 154 Pac. 441; 20 Ruling Case Law, pp. 96, 98. The cases bearing upon the point are collected and stated in a note in 36 A. L. R. pp. 224 to 237. A distinction is made in some of the cases between ponds encroaching upon or directly adjacent to highways and others. In *Pekin v. McMahon,* 154 Ill. 111, 39 N. E. 484, floating logs and planks were held to render the owner liable, but the contrary is held in *Hanna v. Iowa C. R. Co.* 129 Ill. App. 134, and the holding is not in accord with the raft cases below cited. The great weight of authority is to the effect that the doctrine does not apply. *Blough v. Chicago G. W. R. Co.* 189 Iowa, 1256, 179 N. W. 840; *Troglia v. Butte S. M. Co.* 270 Fed. 75; *Hastie v. Edinburgh Magistrates,* 44 Scot. L. R. 829; *Pastorello v. Stone,* 89 Conn. 286, 93 Atl. 529; *Sullivan v. Huidekoper,* 27 App. D. C. 154, 5 L. R. A. N. S. 263; *Schauf v. Paducah,* 106 Ky. 228, 50 S. W. 42; *Von Almen v. Louisville,* 180 Ky. 441, 202 S. W. 880; *Charlebois v. Gogebic & M. R. R. Co.* 91 Mich. 59, 51 N. W. 812; *Thompson v. Ill. Cent. R. Co.* 105 Miss. 636, 63 South. 185; *Arnold v. St. Louis,* 152 Mo. 173, 53 S. W. 900; *Smith v. Jacob Dold Packing Co.* 82 Mo. App. 9; *Omaha v. Bowman,* 52 Neb. 293, 72 N. W. 316; *Stendal v. Boyd,* 67 Minn. 279, 69 N. W. 899; *S. C.* 73 Minn. 53, 75 N. W. 735; *Overholt v. Vieths,* 93 Mo. 422, 6 S. W. 74;

*Moran v. Pullman Palace Car Co.* 134 Mo. 651, 36 S. W. 659; *Rallo v. Heman Constr. Co.* 291 Mo. 221, 236 S. W. 632; *Ansell v. Philadelphia,* 276 Pa. St. 370, 120 Atl. 277; *Holland v. Lanarkshire M. W. D. Council,* 46 Scot. L. R. 7; *Peters v. Bowman,* 115 Cal. 349, 47 Pac. 113; *Richards v. Connell,* 45 Neb. 467, 63 N. W. 915, 917; *Robbins v. Omaha,* 100 Neb. 439, 160 N. W. 749; *Cooper v. Overton,* 102 Tenn. 222, 52 S. W. 183; *Heimann v. Kinnare,* 190 Ill. 156, 60 N. E. 215; *Kohler v. W. J. Jennison Co.* 128 Minn. 133, 150 N. W. 235.

In no case of a pond on private property is liability held to exist unless there was something exceptional or extraordinary in the circumstances to render the place peculiarly attractive, more so than the mere pond itself. The presence of a deep hole in a pond otherwise shallow is not such a circumstance (*Moran v. Pullman Palace Car Co., supra*); nor is the presence of a raft (*Richards v. Connell, supra; Cooper v. Overton, supra; Barnhart v. C., M. & St. P. R. Co., supra*).

We consider that there is nothing in the case at bar to distinguish it from the prior decisions of this court in which liability has been held not to exist, particularly the *Klix Case* and the *Emond Case,* which involved bodies of water. This requires reversal and dismissal of the case on the merits.

The defendant also contends that the father of the boy is a necessary party to the action for the reason that he is entitled to share in the recovery. But a statute gives the mother right to the earnings of a minor when the father has abandoned her. Sec. 246.06, Stats. The rule is stated in 8 Ruling Case Law, p. 770, to the effect that either parent may sue alone. Only one recovery can be had. We are of opinion that the action was properly brought by the mother.

*By the Court.*—The judgment is reversed, with directions to dismiss the complaint.