NELLIE A. DUVALL, ADMINISTRATRIX, ETC., v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

*Railroad companies—Accident at crossing—Contributory negligence.*

Plaintiff's decedent went upon defendant's tracks at a highway crossing, with which he was familiar, just as the gates in use at that point were going down. There were at this point 12 or 14 tracks, and a passenger train was approaching from the west on the second or third track from decedent as he entered, going north. He saw the train, and, instead of stopping, ran in front of the engine when it was about 15 feet from him, stopped in the center of the next track, turned around, and stood watching the passing train.

While thus standing he was struck in the back ·by· an approaching train, which was running at more than usual speed. And it is held that decedent was chargeable with notice of the danger, and with the knowledge that trains were liable to pass at any time, and was guilty of such contributory negligence as to· call for the direction of a verdict for the defendant.

Error to Wayne. (Brevoort, J.) Argued May 2, 1895. Decided May 21, 1895.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

S. E. Engle, for appellant.

Henry Russel, for defendant.

GRANT, J. Plaintiff's decedent was struck by the engine of a passenger train of the Flint & Pere Marquette Railroad Company, at the crossing on Twentieth street, in the city of Detroit, and instantly killed. Railroad gates were in use at this crossing, which extended across the highway and over one sidewalk. The gate was going down as he passed it, and, when it was down, he was inside. There were at this point 12 or 14 tracks. A passenger train known as the "Bay City Train" was coming from the west, on the second or third track from him as he entered, going north. He saw this train, and, instead of stopping, ran in front of the engine when it was about 15 feet from him, stopped in the center of the next track, which was the track of the Flint & Pere Marquette Railroad. turned round, and was looking at the Bay City train. There was a curve at that point, but at what distance it interfered with the view of the engineer and fireman of the train does not appear. While he was standing there watching the other train, the Flint & Pere Marquette train, being behind time, came along at a faster rate than usual, and struck the deceased, who was standing with his back towards it. Two witnesses for

the plaintiff were the sole witnesses of the accident. They were about 30 feet behind the deceased, and testify to the above facts. They saw his feet and legs under the cars of the Bay City train as he was standing upon the Flint & Pere Marquette track. They saw him after the Bay City train had passed, and when the other train struck him. Plaintiff's counsel admits in his brief that he stood their watching the Bay City train for "probably 8 seconds."

The deceased was familiar with the crossing, and was chargeable with a notice of the danger, and with the knowledge that trains were liable to pass at any time. He was guilty of contributory negligence, and the circuit judge was correct in directing a verdict for the defendant. It is unnecessary to discuss the other questions raised.

Judgment affirmed.

The other Justices concurred.