Douglas, Appellant, vs. The Chicago, Milwaukee & St. Paul Railway Company, Respondent.

*August 31 — September 20, 1898.*

*Railroads: Gates at highway crossing: Assumption of risk: Custom.*

1. The presence of gates across the highway at a railroad crossing is specific notice that the danger of going upon the right of way is immediate, and a traveler who, disregarding the warning, attempts to cross assumes all risk of injury by being struck by passing trains.
2. What persons customarily do under similar circumstances has no application as a test of ordinary care, where the act is so obviously dangerous as to constitute negligence as matter of law.

Appeal from a judgment of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Affirmed.*

Action to recover for personal injuries alleged to have been caused by defendant's actionable negligence. The evidence tended to prove that at a Becker street crossing of the defendant's railway right of way in the city of Milwaukee, defendant maintained six railway tracks with a gate on each side of the right of way, so operated that when the crossing was about to be used for the passage of trains the gates were let down so as to bar the approach to the track for the entire

width of the street; that plaintiff was familiar with the crossing and the purpose for which the gates were used; that pedestrians were accustomed, notwithstanding the operation of the gates, to enter upon the right of way and cross it as in their judgment circumstances would permit; that on a dark night between the hours of 9 and 10, plaintiff approached the crossing by way of the street from the east; that as he arrived at the gate it was let down, but he nevertheless passed around it and proceeded to cross the right of way; that he looked both ways and listened for an approaching train, and observing one coming from the north, about 500 feet away, concluded he could safely proceed, and did so; that he passed over the track on which the train was coming, and when he reached the westerly track was struck and injured by a train that was backing up without any light or man on the rear end to signal its approach. He testified that he continued to look both ways for approaching trains after he passed the one which he observed 500 feet away.

Defendant's counsel moved the court for a nonsuit, which was granted, and from the judgment thereupon entered plaintiff appealed.

For the appellant there was a brief by *W. J. Turner*, of counsel, and *J. J. McDonnell*, attorney, and oral argument by *L. S. Pease*. They contended, *inter alia*, that the use of gates or flagmen at crossings does not excuse the railway company from the use of signals required by law to protect travelers at crossings. *Grippen v. N. Y. C. R. Co.* 40 N. Y. 42; *Heddles v. C. & N. W. R. Co.* 74 Wis. 239; *Kinney v. Crocker*, 18 id. 74. The plaintiff had a right to rely upon the continued use by the railway company of signals and warnings which were well known to him and which had become a custom and usage in the operation of the company's trains, especially when such signals and warnings were still required by the statute and the rules of the company. *Newson v. N. Y. C. R. Co.* 29 N. Y. 390; Beach, Con-

Douglas vs. The Chicago, Milwaukee & St. Paul R. Co.

tributory Negligence, § 67; *Fowler v. B. & O. R. Co.* 18 W.
Va. 579; *Philadelphia & T. R. Co. v. Hagan*, 47 Pa. St.
244; *Ernst v. H. R. R. Co.* 35 N. Y. 9; *Ward v. C., St. P.,
M. & O. R. Co.* 85 Wis. 604; *Ferguson v. W. C. R. Co.* 63 id.
145; *Burns v. North Chicago Rolling Mill Co.* 65 id. 315;
*Hendrickson v. G. N. R. Co.* 49 Minn. 245.

C. H. Van Alstine, counsel, for the respondent.

MARSHALL, J.   Where there is a reasonable dispute as to
the evidentiary facts tending to establish negligence, or to
the reasonable inferences which a jury may rightfully draw
therefrom, the ultimate fact as to whether the party charged
with negligence is guilty is for the jury; but where the facts
are undisputed and the inferences therefrom all one way,
the controversy turns on a question of law and must be de-
cided by the court.   Testing this case by that familiar rule,
the trial court nonsuited the plaintiff.   Whether contribu-
tory negligence on the part of the plaintiff was conclusively
established so as to raise but a question of law is the sole
question on this appeal.

Some things in the law of negligence are settled and so
firmly established by judicial authority as to be binding on
the courts as rules of unwritten law, and among those things
is, that if a person enters upon a railway track after receiv-
ing timely warning that it is about to be used for the pas-
sage of trains, he does so at his peril, and if a personal injury
results by his being struck by a train, such result is attribu-
table to his contributory negligence, and neither he nor his
personal representatives can recover therefor.   There are
some exceptions to this rule growing out of special circum-
stances in particular cases, but the facts of this case bring it
clearly within the rule.   At a railway crossing of a public
street in a populous city, especially where there are several
side and spur tracks as well as main tracks in frequent use
by night and day, the maintenance of crossing gates is one

of the most common and most effectual methods of guarding the personal safety, not only of travelers on the street, but of the employees of the railway company as well. Where gates are so maintained it is the duty of travelers, on approaching the right of way and observing that the gates are down or about to be let down, to stop till they are raised before proceeding. The presence of a gate across the approach to the railway tracks says to the traveler, in a manner not to be misunderstood, that such tracks are presently to be used for the passage of trains. The track, itself, is a general notice of danger, calling upon the traveler to look and listen for approaching trains, but the presence of the gate across the highway is more. It is a specific notice that the danger of going upon the right of way is immediate, and that no person of ordinary care should assume it without expecting to take all risks upon himself of what may result so far as relates to his personal safety. It is no excuse for disregarding such a warning that persons are accustomed to cross at that place when the crossing gates are down. True, what persons customarily do under similar circumstances is usually the test of ordinary care, but to that is the familiar exception that where the doing of an act is so obviously dangerous as to constitute negligence as a matter of law, as going upon railway tracks, or walking upon the tracks without looking or listening, or persons, not employees of a railway company, jumping on and off from moving cars, or the doing of any other of the many things that might be mentioned, that are dangerous in themselves, it is inconsistent with ordinary care, regardless of custom. *Flynn v. Eastern R. Co.* 83 Wis. 238; *Glover v. Scotten,* 82 Mich. 369; *Warden v. L. & N. R. Co.* 94 Ala. 277; *George v. M. & O. R. Co.* 109 Ala. 245; *Wherry v. D., M. & N. R. Co.* 64 Minn. 415.

The adjudicated cases on the questions raised here are substantially all one way and on the line indicated. *Cleary v.*

*P. & R. R. Co.* 140 Pa. St. 19, is directly in point. There
plaintiff entered within the limits of the crossing, disregard-
ing the gates, and while looking at one train with a view of
avoiding it, was struck by another. Her view of the train
*that did the injury* was interfered with by the one she had
in mind to avoid. There was no bell rung or whistle sounded,
nor any brakeman or flagman on the the car that did the
mischief to warn persons upon the crossing of its approach.
In deciding the case the court said, in effect: Crossing gates
are a warning to all persons approaching the tracks, whether
traveling on foot or otherwise, the only difference being that
though a vehicle cannot pass them a footman may if suffi-
ciently foolhardy to attempt it and if successful in escaping
the danger. The gates are a warning, not for a particular
train, but for all trains that may be about to pass or be pass-
ing while they are down. To the same effect are *Sheehan
v. P. & R. R. Co.* 166 Pa. St. 354; *Peck v. N. Y., N. H. &
H. R. Co.* 50 Conn. 379; *Granger v. B. & A. R. Co.* 146
Mass. 276; *Duvall v. M. C. R. Co.* 105 Mich. 386; and *Bal-
timore & O. R. Co. v. Colvin*, 118 Pa. St. 230.

In *Sheehan v. P. & R. R. Co.*, *supra*, the court said, in sub-
stance, that if a person goes upon a railway track regardless
of the warning to him by the presence of the gates across
the approach, and is injured by placing himself in the path-
way of an approaching train, without wanton negligence on
the part of the railway company's servants, he cannot re-
cover, whatever he may say about looking and listening.
Though the court treated the failure to observe the approach-
ing train as a distinct act of negligence, precluding a recov-
ery, the act of being on the right of way at all, under the
circumstances, was also deemed fatal, *Cleary v. P. & R. R.
Co.*, *supra*, being cited as controlling, and the effect of the
opinion and decision said to be as stated.

In *Granger v. B. & A. R. Co.*, *supra*, the circumstances
were that it was dark and misty, so that the lights had al-

ready been set for the night; that there were four tracks, and crossing gates let down so as to bar the approach thereto for the entire width of the street, including the sidewalks; that a train had entered upon the crossing on the first track and another was approaching on the third track and only a short distance away. The person injured, disregarding the warning by the gates being down, passed under or around them and successfully avoided the first train, but was struck by the second about seventeen feet further on, and killed. The court below sent the case to the jury with the result that there was a verdict and judgment for plaintiff. On appeal the judgment was reversed, the court saying that the presence of the gates sufficiently warned the intestate that it was dangerous to cross the tracks, not that the gates were down for the first train only, which was in plain view, but for any train that might be about to pass the crossing; that the scope of the warning was that the defendant required for the present the exclusive use of the entire crossing for its business, and it was negligent for the deceased to pass the gates and go upon the crossing at all under the circumstances.

Perhaps a still stronger case than any before cited is *Debbins v. O. C. R. Co.* 154 Mass. 402. There a person went upon the railway tracks regardless of the crossing gates being down, in order to board a train that was standing on one of the tracks. There was another train approaching and in dangerous proximity, but obscured from view by the first train mentioned. It was dark and there was no headlight or other means of warning of the approach of the moving train, other than the position of the gates and the noise. Plaintiff was struck by the latter train and severely injured. The court held that he was guilty of gross negligence; that if he had been a mere traveler and undertaken to cross the tracks while the gates were down, knowing that fact, he would have taken the risk and could not have recovered for

any injury received from a passing train; that if the fact
that he desired to board the train excused him from passing
the gates at all under the circumstances, he was yet bound,
as he proceeded, to use all the caution which the nature of
the case would permit, and that such precaution required
more than to glance in the direction of the approaching
train.

The reasoning of the cases to which special attention has
been called, and of others cited, applies to the facts of this
case, and meets with unqualified approval.   They are in ac-
cordance with well-settled principles in the law of negli-
gence, and must control here in favor of the affirmance of
the judgment appealed from.

*By the Court.*— Judgment affirmed.