Shauck, C. J.
The rule by which the liability of the companies should be determined is a corollary from that defined in Railway Company v. Schneider, 45 Ohio St., 678. That case related to a fatal injury received at a grade crossing, and the deceased was held not to have been guilty of contributory negligence because “an open gate with a gateman in charge is notice of a clear track and safe crossing, and, in the absence of other circumstances, when the gates are open, and the gateman present, it is not negligence in the persons approaching * * * to pass on to the track through the open gates without stopping to listen.” The company was held liable because it had not closed the gates and thus given to persons approaching the crossing the warning of danger for which the gates were an obvious preparation, and upon which it had authorized the public to rely. In the present case, as the petition admits, the testimony shows, and the jury specially found, the gates were closed, and the deceased had knowledge of that fact when he went upon the crossing. The rules by which liability is determined are to be applied impartially, and there is manifest error in the judgments of the courts below. In such circumstances the company cannot be held liable because it does not give the warning which its obvious preparation authorizes the public to expect, and liable as well although it gives the warning.
*327 The allegation of the petition that the company was negligent ‘in not maintaining at said crossing a sufficient obstruction to the passage of people on the sidewalk” indicates a misconception of its duties. It is not required to interpose such obstacles as will make it impossible for persons to go upon the crossing. Its duty is to give the warning which it has authorized them to expect.
The allegation that “the gate was lowered across said street for the passage of a long freight train on the north track, which said freight train was then and there in the process of passing, from east to west on said north track,” indicates a misconception of the significance of closed gates. They signify that the space between them, whether occupied by a single or a double track, is, for the time being, to be used exclusively for the passage of trains. It would not be practicable to give separate warnings for each track, nor is there any necessity for such warning. The conclusion reached in Railway Company v. Schneider, supra, was justified by the object of diminishing the frequency of collisions at grade crossings. That object will be promoted by requiring persons approaching such crossings to heed the warning when it is given.
That there can be no recovery upon such facts as are here presented has been decided in numerous well considered cases. Among them are Buckley v. Flint & Pere Marquette Railroad Co., 119 Mich., 583; Douglas v. Chicago, Milwaukee & St. Paul Ry. Co., 100 Wis., 405; Cleary v. Philadelphia & Reading Railroad Co., 140 Pa. St., 19; Granger, Admr. v. Boston & Albany Railroad Co., 146 Mass., 276; Marden, Admr. v. Same, 159 Mass., 393.
*328 The demurrers to the petition should have been sustained. The requested instruction should have been given. Upon the facts specially found there should have been judgment for the defendants below notwithstanding the general verdict.

Judgments of the circuit and common pleas courts reversed and judgment for plaintiffs in error.