Argued June 6, affirmed September 9, 1966

# CAPLINGER *v* NORTHERN PACIFIC
## TERMINAL OF OREGON
### 418 P. 2d 34

*Carlton R. Reiter,* Portland, argued the cause for appellant. With him on the briefs were James G. Breathouwer, and Reiter, Day, Anderson & Wall, Portland.

*Douglas G. Houser,* Portland, argued the cause for respondent. With him on the brief were Pendergrass, Spackman, Bullivant & Wright, R. R. Bullivant and Darrel L. Johnson, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

SLOAN, J.

This is a Federal Employers' Liability Act case. Plaintiff was injured when he was working as a member of a crew engaged in a switching operation in defendant's yard in Portland. The injury occurred when he partially fell from the top of a box car to which he had gone to set the brake. As he attempted to climb down the ladder from the top of the car, his feet slipped and in the process of catching a rung of the ladder to avoid falling, he was injured. His claim of negligence was that defendant had permitted water and grease to accumulate in the area where plaintiff had been obliged to walk before he climbed onto the car and that he slipped because his shoes were, therefore, greasy and slick. Defendant plead contributory negligence. The jury found for defendant. Plaintiff appeals.

The first assignment of error is directed at the

court's instruction on the burden of proof. The instruction given was the commonplace one. The exception to the instruction, in part, was that the court was requested to change the instructions to "* * * tell the jury that it is for them to choose from the number of probabilities that they find in the evidence which is the more probable." The meaning of the exception taken is not clear. Whatever it was intended to mean no authority is cited to sustain the abstract exception except some of the language of the Supreme Court in *Rogers v. Missouri Pacific Railroad Co.,* 1957, 352 US 500, 77 S Ct 443, 1 L Ed2d 493. We can find nothing in the *Rogers'* opinion, or any other, that indicates that the instruction given was wrong.

■ The second assignment claims that the court should have withdrawn the plea of contributory negligence. The evidence would have waranted the jury in finding that the cause of plaintiff's fall was the manner in which he chose to get off the top of the car and not because of muddy shoes. This was a jury question.

■ The last assignment is more difficult. It relates to the instruction given on causation. The court first instructed that if the defendant was negligent and the negligence contributed in any way, no matter how slight, towards plaintiff's injury, then it should consider that plaintiff's injury was caused by defendant's negligence. The court then added: "In considering contributory negligence, this same rule would apply" The court thus allowed both parties the benefit of a "simple cause" instruction. See 18 Stanford L Rev 929 (1966), Legal Cause, Proximate Cause, and Comparative Negligence in the FELA. This is in contrast to the more traditional and more complicated instruction on proximate cause. In other words, plaintiff wanted defendant held liable if there was a simple causal

connection between defendant's negligence and his injury, but not in respect to plaintiff's alleged contributory negligence. The same argument was advanced in *Page v. St. Louis Southwestern Railway Co.,* (CCA 5th, 1965) 349 F2d 820, 822. In *Page,* the trial court had given an instruction similar to the one given here. The plaintiff, Page, as in this case, was satisfied to have defendant held to a simple casual relationship between defendant's negligence and plaintiff's injury. However, as it was expressed in the *Page* opinion:

"* * * But not so, he says, when it comes to judging causation as to asserted contributory negligence of the Employee. Here he wants the good old fashioned dialectic of proximate causation with all of its built-in metaphysical concepts of natural and unbroken sequence, but for, foreseeability of harm and the like.*" (Footnote omitted).

It is not exactly clear what real difference the double standard instruction would make in the trial of a Federal Employers' Liability Act case. The thought appears to be that it would make the plaintiff's case easier for jury consideration. It is reasonable to assume that to say defendant is liable if there is any slight causal connection between negligence and injury and then give the more complicated, traditional instruction on proximate cause in respect to the defense of contributory negligence would cause the jury to believe that a defendant has the greater burden. We are not certain that this is so. In *Page* the court refused to apply a double standard in causation instructions and approved an instruction very similar to the one given in the instant case.

The Stanford Law Review comment we have cited is a critique of the *Page* case and, with good argument contends for a double standard. The law review com-

ment analyzes the statute, as amended, 45 USCA §§ 51-60, 1964, to require the double standard of causation instructions. We are more impressed, however, with the views expressed by the Fifth Circuit Court of Appeals and sustain the instant instruction which applied the same test to both parties.

Affirmed.