Argued October 9, 1969, affirmed January 14, 1970

# ROBBINS, *Appellant, v.* STEVE WILSON COMPANY, *Respondent.*

463 P. 2d 585

*Bernard P. Kelly,* Medford, argued the cause for appellant. With him on the briefs were Kelly & Grant, Medford.

*Patrick Ford,* Medford, argued the cause for respondent. With him on the brief were Heffernan & Ford, Medford.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

DENECKE, J.

The plaintiff was a log truck driver for the defendant. He was injured while assisting in unloading logs from his truck into a log pond. Plaintiff brought an action against his employer for damages for personal injuries. The jury found for the defendant and plaintiff appeals.

The only issue is the admissibility of evidence of the customary practice of unloading logs. The court admitted such evidence and the plaintiff contends this was error.

---

* Goodwin, J., resigned December 19, 1969.

The evidence was that the plaintiff drove his truck under an A-frame and alongside a concrete brow log at the pond's edge. Two dump straps had been attached to the brow log. These straps were placed under the load of logs and the loose ends were fastened to a pulley suspended from the A-frame. Another of defendant's employees applied the power raising the pulley and thereby tightening the dump straps, which, in turn, caused all the logs except one to fall off the truck and roll over the brow log into the pond. The one log, a short one, fell to the ground but not into the pond. The dump lines were unhooked and one line was put under the short log at approximately its center and again hooked to the pulley. When the log was raised the line was not quite in the center of the log. Plaintiff was steadying it with his hand when the log jerked or lurched and "snapped" his back.

In his complaint the plaintiff charged the defendant with negligence, including failure to act in a reasonably prudent manner and violation of the basic safety code, and violation of the Employer's Liability Act requiring the use of every care, device and precaution. The defendant was charged, among other things, with requiring its employees to manually handle logs and failing to have effective unloading lines.

The defendant introduced evidence that in southern Oregon where the accident happened it was common practice to unload by the method used in this instance, including using one strap to dump any short log that may not have gone into the pond.

■ The general rule, well established in this state as well as in most other jurisdictions, is that evidence of customary practice is admissible in most circum-

stances. *Adkins v. Barrett,* 196 Or 597, 606, 250 P2d 387 (1952); *Robertson v. Coca Cola Bottling Co.,* 195 Or 668, 680, 247 P2d 217 (1952). We have stated that such evidence is admissible, not to establish a standard of care as a matter of law, but for consideration by the jury in determining whether the acts or omissions were negligent. *Robertson v. Coca Cola Bottling Co.,* supra (195 Or at 680). Prosser states that such evidence is admissible because the standard of care is a community standard and the usual practice is an indication of what the community regards as proper practice. Prosser, Torts, § 33, 168-169 (3d ed 1964). Accord, 2 Wigmore, Evidence, § 461, 488 (3d ed 1940). For other reasons see Clarence Morris, *Custom and Negligence,* 42 Col L Rev 1147 (1942).

Plaintiff points out that in two of our decisions we held that evidence of customary practice is not admissible. In *Shields v. W. R. Grace & Co.,* 91 Or 187, 179 P 265 (1919), the plaintiff was a longshoreman loading sacks of wheat in the hold of a ship. He was injured when a sack of wheat fell through the hatch and struck him. The court affirmed the ruling of the trial court sustaining an objection to evidence that it was not the customary practice to safeguard employees working in the hold by using nets or hatch covers. The holding of the court was expressed:

> "Evidence of what is customary in the way of protective appliances is frequently admitted as tending to indicate whether or not the employer used reasonable diligence in that regard, but the fact that other employers in the same business are accustomed to omit or dispense with necessary and obvious safeguards, does not tend to prove the exercise of ordinary care or diligence by the defendant. In other words, a custom which habitually disregards the safety of employees, no matter how

long continued or how general, can never ripen into reasonable care: \* \* \*." 91 Or at 199.

The reasoning of the court is further explained by the cases cited in support of the above quotation. An example is *Douglas v. The Chicago, Milwaukee & St. Paul R. Co.*, 100 Wis 405, 408, 76 NW 356, 69 Am St Rep 930 (1898), in which the court stated:

> "\* \* \* True, what persons customarily do under similar circumstances is usually the test of ordinary care, but to that is the familiar exception that where the doing of an act is so obviously dangerous as to constitute negligence as a matter of law, as going upon railway tracks, or walking upon the tracks without looking or listening, or persons, not employees of a railway company, jumping on and off from moving cars, or the doing of any other of the many things that might be mentioned, that are dangerous in themselves. \* \* \*."

■ Prosser describes this class of cases as follows:

> "\* \* \* It follows that where common knowledge and ordinary judgment will recognize unreasonable danger, what everyone does may be found to be negligent; and that there will be extreme cases where it is so clearly negligent in itself that it may even be excluded from evidence." Prosser, Torts, § 33, 170 (3d ed 1964).

We do not find that the customary practice in evidence in the present case can be classified as a negligent practice as a matter of law.

The other case plaintiff points out is *Celorie v. Roberts Bros., Inc.*, 202 Or 671, 685-689, 276 P2d 416 (1954). That plaintiff was employed in the defendant's "will call" department. She alleged that she was required to lift a large, heavy bag in cramped quarters, hemmed in by other packages which were being

stored there, and she wrenched her back when she was struck by a falling package as she was lowering the bag to the floor. The trial court received evidence that another Portland store had a separate room in its "will call" department for the storage of packages, while another had racks for storage in its "will call" department. This court held that the receipt of such evidence was error. We stated the general rule that evidence of customary practice is admissible. "However, it is manifest that testimony as to conditions existing in other stores which have no relation to safety devices or precautions would not be admissible." 202 Or at 689. The court stated: "Testimony as to a general or customary practice of other similar department stores adopted and followed as a safety precaution would, under the authorities above noted be admissible, but we are not prepared to say that isolated instances of such a practice would be competent evidence. *Robertson v. Coca Cola Bottling Co.*, 195 Or 668, 680, 247 P2d 217." 202 Or at 688-689.

■ The plaintiff's contention is that the customary practice in the present case was not adopted as a safety practice and, therefore, according to *Celorie v. Roberts Bros., Inc.*, supra (202 Or 671), is not admissible.

Upon examination, we find that the basis for this part of the decision in *Celorie v. Roberts Bros., Inc.*, supra, is ambiguous. If the evidence in *Celorie v. Roberts Bros., Inc.*, was inadmissible because it only consisted of "isolated instances," the holding is consistent with the general law that there must be evidence of a customary or usual usage and not just an isolated instance. See *Silver Falls Co. v. E. & W. Lbr. Co.*, 149 Or 126, 173-175, 40 P2d 703 (1935).

On the other hand, if the evidence was inadmissible because there was no suggestion that the other stores provided a separate room or racks for storage as a safety precaution, the decision is a departure from general principles as stated and applied in our past decisions. Such a ground would not be consistent with the reasons for the rule that evidence of customary practice is admissible. As we stated, the most common reason stated for such rule is that customary practice is some indication of what the community regards as a reasonable practice. Safety is usually a factor that is considered when a practice is initiated; however, efficiency, economy and convenience are other factors that frequently play a part in the selection of a practice. That the practice is customary is some indication that the community regards the safety features of the practice as reasonable.

This court has held that customary practices which were not adopted as a safety precaution were admissible. In *Shaver Co. v. Eagle Star Ins. Co.*, 172 Or 91, 108-109, 139 P2d 769 (1943), one issue was whether or not a shipyard was negligent when it hauled plaintiff's vessel out of the water. The claim was that the yard was negligent in failing to put blocks under the afterpart of the vessel while the afterpart was still afloat but the bow was resting on the way. A witness, Klepp, testified blocks are not used until later in the operation. Mr. Justice Lusk stated:

"A jury could have found from Klepp's testimony that in the method he used to haul 'The Dalles' out of the water he was following the approved and common practice, and, as he is a man of many years experience in that kind of work, the conclusion that he did not act negligently could legitimately have been drawn. The technique of such an operation is not within the knowledge of

the general run of people. The customary way of performing an act may aid a jury in determining whether or not it was negligently performed, and, while the customary way, it is true, does not establish the standard of conduct as a matter of substantive law and would not be a ground of exoneration if found to be a negligent way, still it is competent evidence on the question whether ordinary care in the circumstances was exercised. * * *." 172 Or at 109.

*Myrtle Pt. T. Co. v. Port of Coquille River,* 86 Or 311, 168 P 625 (1917), was an action for damage to vessels. "Plaintiff was permitted to prove over the objection of defendant that it is the general custom on Coquille River not to leave a watchman on a steamboat at night when it is tied to its moorings * * *." 86 Or at 318. Obviously, the practice of not leaving a watchman on boats was not adopted for the safety of the vessels.

In *Richardson v. Klamath S. S. Co.,* 62 Or 490, 498-506, 126 P 24 (1912), the plaintiff longshoreman was injured when a stack of lumber fell on him. The lumber was piled on the dock in many stacks or tiers which were close together and apparently gave some support to each other. The plaintiff had taken down one stack and the adjacent stack fell upon him. The defendant contended that the plaintiff was contributorily negligent because he took one stack completely down which removed the support for adjacent stacks, whereas he should have worked a stack part way down and then worked adjacent stacks down to the same level. The court held to be admissible testimony that the practice of taking one stack completely down before working another stack was the customary and usual practice. This practice was not adopted as a safety precaution. There was testimony that the prac-

tice of working all nearby stacks down to the same level was a safer method, but in this instance was inconvenient.

If *Celorie v. Roberts Bros., Inc.,* supra (202 Or 671), is interpreted to hold that evidence of customary practice is inadmissible unless the practice is shown to have been adopted for reasons of safety, the decision is overruled to that extent.

■ The plaintiff also contends that the evidence of customary practice should not have been received because the practice was in violation of an established legal standard, the Basic Safety Code. The plaintiff is correct that if the practice was in violation of the Basic Safety Code it could not be considered by the jury on this issue, and the jury was so instructed. In addition to charging that the defendant was negligent in violating the Basic Safety Code, however, the plaintiff alleged, in effect, that the defendant was negligent in failing to act as a reasonably prudent employer. As we stated, evidence of customary practice is admissible on this issue.

Affirmed.