Argued December 20, 1978, reversed and remanded
for a new trial April 2, reconsideration denied May 1,
petition for review denied June 6, 1979

HVAL, *Respondent,*
*v.*
SOUTHERN PACIFIC TRANSPORTATION
COMPANY, *Appellant.*
(No. A 7702 02141, CA 10689)

592 P2d 1046

James H. Clarke, Portland, argued the cause for appellant. With him on the brief were Robert E. Maloney, Jr., and Dezendorf, Spears, Lubersky & Campbell, Portland.

Jeffrey M. Batchelor, Portland, argued the cause for respondent. With him on the brief were Zig I. Zakovics and Reiter, Bricker, Zakovics & Querin, P. C., Portland.

Before Schwab, Chief Judge, Richardson, Judge, and Tongue, Judge Pro Tempore.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff sought to recover under the Federal Employers' Liability Act (FELA) for injuries he sustained while working as a car inspector, or carman, on one of defendant's trains. Plaintiff was injured when a car released by one of defendant's switchmen from the main track in defendant's trainyard passed onto a side track, Track No. 3, and collided with a string of cars that plaintiff was inspecting. The accident occurred because the switch controlling Track No. 3 was open, or lined toward Track No. 3, rather than closed.

The task of properly lining up switches is assigned to switchmen. Company rules do not require a carman to check or properly line the switches. Nevertheless, it was a customary practice for carmen, including plaintiff, to do so for their own safety before they began to inspect, test, and repair the cars.

At the trial before a jury, plaintiff testified that he checked to see that the switch for Track No. 3 was closed before walking a short distance up the track to place the blue flag and light which signals that work is being performed on the track. Although there was no dispute at trial concerning whether plaintiff "blue-flagged" Track No. 3 as required by defendant's Operating Rule 26,[1] the assistant trainmaster testified

---

[1] Defendant's Operating Rule 26 provided, in pertinent part:

"When any employe is working between, upon, in or under an engine, train, or car for purposes of inspection, repair, or service, a blue sign reading, 'Men at Work' (white lettering on blue background) must be displayed at each end of track or equipment to which coupling can be made. If engine is attached to train, car or cars, blue sign on engine end must be displayed on engineer's side of cab. On tracks regularly assigned for repairing or servicing of cars or engines a blue sign must be displayed on equipment or between rails of track. Switches to car repair tracks must be locked with a special lock.

"At night a blue light must be attached to each blue sign prescribed herein.

"* * * * *

"Where signals are used in conjunction with fixed blue 'Men at Work' sign, blue light displayed indicates movement of cars or engines into or on protected track is PROHIBITED. Yellow light displayed

that after the accident, plaintiff stated that he had not checked or lined the switch because that was not part of his job. During trial, the court denied defendant's switchman the opportunity to testify that he assumed plaintiff would check and line the switch on the night in question. The court also denied defendant's motion for an order excluding evidence of the company's investigation of the accident and the disciplinary action which followed. Witnesses testified that two switchmen received disciplinary sanctions for violating Rule 26, while plaintiff received none. Upon plaintiff's motion at the conclusion of the presentation of evidence, the court entered a directed verdict for plaintiff, withdrew the issue of plaintiff's contributory negligence from the jury and limited the jury's deliberations to the extent of damages suffered by plaintiff. The jury awarded plaintiff $65,000 and defendant appeals.

Defendant first contends that the trial court erred in refusing to submit the question of plaintiff's contributory negligence to the jury. Under 45 USC § 53 (1970), contributory negligence does not bar an injured worker's recovery but may diminish the award in proportion to the fault attributable to the plaintiff. *See Tiller v. Atlantic Coast Line R. Co.*, 318 US 54, 65, 63 S Ct 444, 87 L Ed 610, 143 ALR 967 (1943); *Page v St. Louis Southwestern Railway Co.*, 349 F2d 820, 824 (5th Cir 1965), *cited with approval in Caplinger v. N. P. Terminal of Oregon*, 244 Or 289, 292-93, 418 P2d 34 (1966). An employe is contributorily negligent whenever he fails to act with ordinary prudence to protect his own safety. *Schlemmer v. Buffalo &c. Ry. Co.*, 220 US 590, 596, 31 S Ct 561, 55 L Ed 596 (1911);

indicates movement of cars or engines on track permitted. Absence of light must be regarded as most restrictive indication.

"An engine, train, car or cars protected by a blue sign must not be moved or coupled to. Other equipment must not be placed so as to obstruct the view of signs or lights.

"When a blue sign is displayed at an entrance to a track, engines and/or cars must not be permitted to enter that track.

"* * * * *."

*Murray v. New York, New Haven & Hartford R. Co.,*
255 F2d 42, 44 (2nd Cir 1958); *White v. St. Louis San
Francisco Ry. Co.,* 539 SW 2d 565, 570 (Mo App 1976).
We do not agree that plaintiff's compliance with the
railroad's operating rules establishes as a matter of
law that he was free from negligence. *Atchison, T. & S.
F. Ry. Co. v. Ballard,* 108 F2d 768, 771 (5th Cir), *cert
den,* 310 US 646 (1940); *Frabutt v. New York, C. & St.
L. R. Co.,* 88 F Supp 821, 827 (WD Penn 1950). Com-
pany regulations formulated to promote employe safe-
ty are considered competent evidence of the employer's
belief as to the proper standard of care to be exercised
by workers. 2 J. Wigmore, Evidence 132, § 282 (3rd ed
1940). It was proper for the jury to consider whether
plaintiff failed to observe the company's safety rules
in deciding whether he was negligent. *Atchison, T. & S.
F. Ry. Co. v. Ballard, supra,* 108 F2d at 771; *Frabutt v.
New York, C. & St. L. R. Co., supra,* 88 F Supp at 827;
*Powell v. Pacific Electric Railway Co.,* 35 Cal 2d 40,
46-47, 216 P2d 448 (1950).

■ In this case, several witnesses, including plaintiff,
testified that it was a common practice for carmen to
check and line the switches before they began work-
ing. Such evidence, although not dispositive of the
issue, *Texas & Pacific Ry. Co. v. Behymer,* 189 US 468,
470, 23 S Ct 622, 47 L Ed 905 (1903), was relevant to
establish plaintiff's duty of due care toward himself.
*Robbins v. Steve Wilson Co.,* 255 Or 4, 7, 463 P2d 585
(1970); W. Prosser, Torts 166-67, § 33 (4th ed 1971); 2
J. Wigmore, *supra,* 488, § 461. Based on the testimony
by the assistant trainmaster, it would have been prop-
er for the jury to find that plaintiff had not exercised
due care because he failed to check the switch on Track
No. 3 on the evening he was injured. "And where, as
here, the case turns on controverted facts and the
credibility of witnesses, the case is peculiarly one for
the jury." *Ellis v. Union Pacific R. Co.,* 329 US 649,
653, 67 S Ct 598, 91 L Ed 572 (1947). Since the jury
could have found the plaintiff was negligent in some
degree in failing to check the switch

pursuant to the ordinary practice of carmen, it was error to take the issue of contributory negligence from the jury. The other questions raised on appeal may reoccur upon retrial and therefore need to be decided.

Defendant also cites as error the trial court's refusal to allow a switchman to testify that he assumed plaintiff, like other carmen, would himself check and line the switch on the track he was working on if it needed to be lined. In light of the customary practice of carmen to perform switching operations themselves, this was not an altogether unwarranted assumption. It bears on the reasonableness of the switchman's conduct under the circumstances, *see Page v. St. Louis Southwestern Railway Co., supra*, at 824, and, despite the fact that reliance upon that assumption constituted a violation of the railroad's operating rules, it was admissible for the purpose of assessing the respective fault of the two parties. *See* 2 J. Wigmore, *supra*, § 282; *Frabutt v. New York, C. & St. L. Co., supra*, 88 F Supp at 827; *Powell v. Pacific Electric Railway Co., supra*, 35 Cal 2d at 46-47 *Edmonds v. Southern Pacific Co.*, 142 Cal App 2d 519, 522-23, 299 P2d 8 (1956).

Defendant finally argues that the trial court erred in denying defendant's pretrial motion to exclude evidence of the railroad's investigations of the accident and the disciplinary action which followed.

Plaintiff argues that defendant's decision to discipline the switchmen and to not discipline plaintiff was inconsistent with its position at trial that the accident was caused by the combined negligence of plaintiff and another employe of defendant. He contends the decision regarding discipline was evidence that defendant had previously taken the position that the switchmen were solely at fault and therefore relevant as an admission respecting the issue of comparative negligence.

Defendant argues such evidence is inadmissible as a matter of public policy for the same reasons that

[484]

evidence of safety precautions taken after an accident are inadmissible as evidence of negligence.

On retrial the negligence of plaintiff will be an issue. When comparative negligence of the plaintiff became an issue

" "* * * the jury is entitled to consider all the circumstances which characterize the negligence of either party and which tend to fix the quantity and quality of that negligence in its relation to the sum total of the negligence of both parties. * * *" " *Sears v. Southern Pacific Company*, 313 F2d 498, 502 (9th Cir 1963).

At trial and in its pleadings, defendant took the position that plaintiff's injuries were due to the combined negligence of plaintiff and of other employes of defendant. Evidence that defendant disciplined the switchman for violation of company rules and not the plaintiff arguably shows an inconsistent position. That evidence was relevant to establish the prior inconsistent position which was in the nature of an admission that plaintiff was not negligent.

*Panger v. Duluth, Winnepeg and Pacific Railway Co.*, 490 F2d 1112 (8th Cir 1974), is directly in point. In that case, plaintiff, who was seeking recovery for injuries under the FELA, introduced evidence that the railroad had not disciplined him but had disciplined another employe in connection with the injury. The Court of Appeals held:

"* * * The fact that the plaintiff was not disciplined was a fact entitled to consideration by the jury. The conduct of a party which could give rise to an inference that the facts are not as he now claims is admissible where inconsistent with contentions at trial. (Citations omitted.) That the [railroad] did not find [plaintiff] responsible in its disciplinary proceedings is inconsistent with its assertion of his responsibility at trial." 490 F2d at 1117.

On retrial, if a proper foundation is laid, *see Panger v. Duluth, Winnepeg and Pacific Railway Co., supra*, the evidence would be admissible.

[485]

Assuming for the purposes of discussion that the public policy advanced in defendant's argument would exclude the evidence, we conclude that rule of exclusion is not available where the evidence is used to contradict the assertion at trial that plaintiff was negligent.

Reversed and remanded for a new trial.